UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60132-Civ-Cohn/Seltzer

BRAIN PHARMA, LLC,

     Plaintiff,

vs.

JAVIER SCALINI et al.,

     Defendants.

_____/

## DEFENDANTS' MOTION TO STAY DISCOVERY

All Defendants move the Court for entry of an order staying discovery until after the Court rules on Defendants' Motion to Dismiss Complaint. The grounds for the motion are:

1.     Plaintiff Brain Pharma, LLC ("BPI") filed this action on January 25, 2012. ECF No. 1. The complaint contains six counts for federal and state law trademark infringement, but it essentially alleges that Defendants have without authorization sold BPI's trademarked products.

2.     On March 5, 2012, Defendants filed a motion to dismiss complaint for failure to state a claim on which relief can be granted. ECF No. 21. The basis for the motion to dismiss is that "the unauthorized sale of a trademarked article does not, without more, constitute a Lanham Act violation." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1023 (2d Cir. 1989).

3.     If the Court grants the motion to dismiss, BPI would be entitled to an opportunity to amend its complaint. *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint as a matter of course … the plain language of Rule 15(a) shows that the court lacks the discretion to

reject the amended complaint based on its alleged futility." (emphasis omitted)). If the Court grants the motion to dismiss, however, as a practical matter BPI will not be able to amend its complaint to state a claim on which relief can be granted. This action thus can and will be decided at the motion-to-dismiss stage—either if BPI chooses not to amend its complaint or if the Court later dismisses the action with prejudice.

4.      For this reason, discovery should be stayed until after the Court rules on the motion to dismiss and, if BPI amends its complaint, the subsequent motion to dismiss. This is precisely the kind of situation when a stay of discovery is warranted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins."). Indeed, "[i]f the district court dismisses a … claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. The Court, moreover, has the broad discretion to grant such relief. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters…. [W]e see no possible abuse of discretion in the order staying general discovery ….").

For these reasons, the Court should enter an order staying discovery until after the Court rules on the motion to dismiss.

**Certificate of Good-Faith Conference;**
**Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), I certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues but has been unable to resolve the issues.

Dated: March 19, 2012

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sandy.bohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served by CM/ECF on March 19, 2012, on all counsel or parties of record on the Service List below.

s/Brian W. Toth
Brian W. Toth

**SERVICE LIST**

Cary A. Lubetsky
cal@khllaw.com
Michael J. Henderson
mjh@khllaw.com
Krinzman, Huss & Lubetsky
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Fax: (305) 854-0508
Attorneys for the Plaintiff

#11074938_v1